UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID FLORENCE,<br><br>Defendant. | Case No. 2:13-cv-00035<br><br>Magistrate Judge Alistair E. Newbern |

### MEMORANDUM ORDER

For the reasons stated on the record at the November 19, 2021 pretrial conference, the Court orders as follows:

### I. Motions in Limine

The United States' second, fourth, and fifth motions in limine (Doc. Nos. 296, 300, 302) are GRANTED. The Court reserves ruling on the United States' first and third motions in limine (Doc. Nos. 294, 298).

If Defendant Dr. David Florence's counsel obtains the longer DocStar video referenced in his opposition to the United States' first motion in limine, they shall provide it to the United States and to the Court within one day of receipt.

### II. Timely Disclosure of Witnesses, Exhibits, and Evidence

Three issues related to the timely disclosure of evidence under the Federal Rules of Civil Procedure were raised by the parties. First, the United States and counsel for Relator Debra Norris

assert that only two of the twenty-nine witnesses[1] included in Florence's supplemented witness list (Doc. No. 317)—Florence and Lorri McGowan—were disclosed by Florence as required by Federal Rules of Civil Procedure 26 and 37 and that, therefore, the undisclosed witnesses should be prohibited from testifying at trial. Florence's counsel did not dispute that the witnesses had not been disclosed before they were included on his witness list. Second, the United States asserts that the majority of the exhibits included in Florence's filed exhibit list (Doc. No. 311) were not produced at the pretrial conference as directed in the Court's trial setting order (Doc. No. 285) and should not be allowed at trial.[2] Florence's counsel confirmed that, with the exception of one exhibit that is a premade poster, they did not have exhibits prepared to exchange at the pretrial conference. Third, Florence's counsel asserts that the United States has unfairly asserted a new theory of the case—that the deaths of four of Florence's patients were related to his over-prescription of medication—at the eleventh hour. The United States responds that it identified the subject deaths in medical examiner records, patient files, and the report of its expert witness, Dr. Bistline.

By November 22, 2021, Florence shall file a motion addressing the United States' assertion that he did not disclose witnesses and exhibits as required by the Federal Rules of Civil Procedure and the Court's prior orders and showing cause why those witnesses and exhibits should be allowed at trial. Florence shall also make any argument regarding the patient deaths, including the specific remedy he requests from the Court. If the United States intends to raise any issues arising out of the pretrial conference by motion, it shall do so by November 22, 2021. The United States

---

[1] Although Florence's list identifies thirty witnesses, Penny Smithson Shelton is included twice.

[2] The United States does not object to the first, second, seventh, and eighth exhibits on Florence's filed exhibit list. (Doc. No. 311.) Nor does the United States object to the introduction of any publicly available statute or regulation.

shall file any response in opposition to Florence's motion by November 24, 2021. If the United States files any motion by November 22, 2021, Florence shall file his response by November 24, 2021.

### III. Deposition Designations

The parties shall exchange deposition designations by November 22, 2021. The parties shall file their deposition designations and any remaining objections as required by Local Rule 39.01(c)(4) by November 29, 2021.

### IV. Case Summaries

The parties shall file brief summaries of their theories of the case to be included in the Court's opening jury instructions by noon on December 2, 2021. Any objections to the summaries shall be filed by noon on December 3, 2021.

### V. Invocation of Federal Rule of Evidence 615

The parties intend to invoke Federal Rule of Evidence 615 to exclude witnesses from the courtroom so that they will not hear other witnesses' testimony. The United States asked to except from this exclusion United States Department of Health and Human Services Special Agent Richard Haines, who has served as the case agent since the investigation phase of this litigation, and proposed expert witness Dr. Kathryn Bistline.

Haines's role is addressed by Federal Rule of Evidence 615(b), which excludes from Rule 615 "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney." Fed. R. Evid. 615(b). "The comments to the rules have made clear from the beginning that case agents are intended to be included within this exception." *United States v. Martin*, 920 F.2d 393, 397 (6th Cir. 1990). Haines therefore may remain in the courtroom as the United States' designated representative.

An expert witness may be excepted from Rule 615 if her presence is "show[n] to be essential to presenting the party's claim or defense." Fed. R. Evid. 615(c). To invoke this exception for its expert witness, the United States must make a "fair showing" that her presence is required for the management of the case. *Morvant v. Constr. Aggregates Corp.*, 570 F.2d 626, 630 (6th Cir. 1978). The Court will reserve ruling on Dr. Bistline's exclusion under Rule 615. The United States may make the appropriate motion when Rule 615 is invoked at the beginning of the trial.

## VI.     Exhibit Objections and Binders

The parties shall provide their exhibit binders to the Court by noon on December 3, 2021. The binders shall include all exhibits to be introduced at trial, premarked by party. The parties shall also file a joint notice of any objections to the exhibits.

## VII.    Further Agreements and Stipulations

Counsel are encouraged to reach further agreement on exhibits to be offered at trial. By December 2, 2021, counsel shall file a joint notice of their agreements as to the authenticity and admissibility of exhibits. Counsel shall also notify the Court if they reach further agreement regarding the motions in limine on which the Court has reserved ruling or any other trial matters.

Counsel are further encouraged to continue their attempts to resolve this matter independently. The deadline to settle and dismiss the case without incurring the cost of summoning the jury is December 3, 2021, at 9:00 a.m.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge