UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* v. DAVID FLORENCE, *Defendant.* | Case No. 2:13-cv-00035 Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

Following the November 19, 2021 pretrial conference, the Court granted Defendant David Florence the opportunity to address two issues in supplemental briefing: first, whether the United States may offer evidence at trial regarding the deaths of four of Florence's patients, and second, whether Florence may offer previously undisclosed witnesses and exhibits at trial. (Doc. No. 320.) In response, Florence has filed an "objection to unduly prejudicial evidence in regard to four (4) patients' deaths" (Doc. No. 322) and a "justification for utilization of defense witnesses" (Doc. No. 323). The United States has opposed both filings. (Doc Nos. 325, 326.)

For the reasons that follow, the Court will not exclude evidence regarding patient deaths for the reasons argued in Florence's filing, but will reserve ruling on the evidence's ultimate admissibility until trial. Florence will be prevented from calling any witness at trial who was not disclosed in discovery and may not offer exhibits that were not provided to opposing counsel at the pretrial conference unless counsel reach an agreement as to their introduction.

## I. Evidence Regarding Patient Deaths

At the pretrial conference, Florence's counsel announced that the United States planned to offer what Florence's counsel characterized as a new theory of the case—that the deaths of four patients resulted from Florence's over-prescription of pain medication—and implied that the United States had improperly failed to disclose its intent to use this evidence. The United States responded that evidence of the patient deaths had been fully disclosed in discovery produced to Florence, including the report of its expert witness, Dr. Kathryn Bistline. Florence's counsel did not dispute that the patient deaths had been addressed in discovery. Regardless, Florence's counsel claimed surprise that the United States intended to argue that these deaths were related to its claims against Florence. Counsel did not request a specific remedy for this alleged wrong.

In Florence's filing, he abandons his argument that he did not have notice of the United States' intent to address the four patient deaths as related to its claims against Florence, stating only that "it was expected if the plaintiff's [sic] thought this allegation was sufficient to justify the inference, they would have amended the complaint to include this in some form, which they did not." (Doc. No. 322, PageID# 2771.) Instead, Florence argues that the probative value of evidence of the deaths is outweighed by unfair prejudice. Florence's filing is thus, in essence, a motion in limine to exclude evidence of the four patient deaths under Federal Rule of Evidence 403. The deadline to file motions in limine was October 29, 2021 (Doc. No. 285), and Florence did not file any motions by that date. The Court need not consider Florence's untimely filing. However, in the interest of promoting efficiency at trial, the Court will address Florence's Rule 403 argument.

Rule 403 allows a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice" or several other factors. Fed. R. Evid. 403. The Rule's balancing test "is strongly weighted toward admission." *United States v. Asher*, 910 F.3d

2

854, 860 (6th Cir. 2018). "'Virtually all evidence is prejudicial or it isn't material. The prejudice must be "unfair."'" *Koloda v. Gen. Motors Parts Div.*, 716 F.2d 373, 378 (6th Cir. 1983) (quoting *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977)). "Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis." *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006) (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993)).

Addressing the first factor of Rule 403's balancing test, Florence argues that evidence of the patient deaths is minimally probative "in a claim that is based on the Government reimbursing too much money[,]" apparently referring to the United States' claims against him under the False Claims Act. (Doc. No. 322, PageID# 2772.) But Florence does not address the evidence's relevance to the United States' claim under the Controlled Substances Act that Florence caused pharmacies to dispense controlled substances without a valid prescription issued for a legitimate medical purpose. (Doc. No. 77.) As the United States points out, numerous courts have recognized the relevance of "red-flag" evidence like patient deaths to claims that doctors prescribed medicine outside of the usual course of practice or not for a legitimate medical purpose (Doc. No. 325).

For example, in considering the appeal of a criminal conviction under the Controlled Substances Act, the Sixth Circuit found evidence that a patient had died from an overdose after being prescribed "a large dose of oxycodone" admissible to impeach a nurse's testimony "that her patients were legitimate" and the admissibility was not outweighed by a risk of unfair prejudice. *United States v. Lang*, 717 F. App'x 523, 539 (6th Cir. 2017). In *United States v. Bourlier*, also a criminal action under Controlled Substances Act, the Eleventh Circuit found evidence of unindicted patient deaths admissible because it "foreclosed any idea that the patients stopped

3

receiving prescriptions from [the defendant] because [he] had stopped treating them"; "put to rest any idea that they were not called by the government to testify at trial because the only had good things to say about [the defendant]"; and "could be considered by the jury when determining whether [the defendant] knew that his patients were misusing his prescriptions." 518 F. App'x 848, 855 (11th Cir. 2013); *see also United States v. Schwartz*, 702 F. App'x 748, 755–56 (10th Cir. 2017) (affirming admissibility of evidence of patient deaths as "probative of [defendants'] wanton disregard for the drug-abusive tendencies of its patients" and defendants' knowledge "that the clinic's patients were misusing their prescriptions, yet the practice continued to prescribe opioids in irresponsible ways" where risk of prejudicial effect was mitigated by limiting instruction to jury). Florence does not consider or refute any similar theories of relevance.

Florence's claim that the evidence is unfairly prejudicial appears to be that the "'evidence' [is] completely speculative and has not been questioned by any of the people that would be directly involved in those particular instances[.]" (Doc. No. 322, PageID# 2772.) Florence, of course, had the opportunity to question this evidence and its proponents in discovery and may do so again at trial. His argument that the evidence is "speculative" is itself entirely unsupported.

Florence has not shown in his filing that the probative value of the patient death evidence is substantially outweighed by a risk that the jury will reach its decision on an improper basis. *See Newsom*, 452 F.3d at 603. Accordingly, the Court will not exclude the patient death evidence on the basis of Florence's motion. Recognizing that "[m]uch depends on the way in which the government seeks to introduce this evidence" at trial, the Court reserves any other determinations of its admissibility. *United States v. Kumar*, No. 4:17-CR-5-FL-1, 2019 WL 346395, at *9 (E.D.N.C. Jan. 28, 2019).

## II. Undisclosed Witnesses and Exhibits

Federal Rule of Civil Procedure 26 requires all parties to disclose "without awaiting a discovery request . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Although these initial disclosures are typically made at the beginning of the case, "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A). Rule 26 further provides that, "[i]n addition to" making and supplementing its initial disclosures, a party must file "information about the evidence that it may present at trial[,]" including "the name . . . of each witness—separately identifying those the party expects to present and those it may call if the need arises" at least thirty days before trial unless otherwise provided. Fed. R. Civ. P. 26(a)(3)(A)(i). The sequence of Rule 26's requirements thus ensures that parties know the universe of potential witnesses as they plan and take discovery and know which witnesses are likely to be called to testify as they prepare for trial.

When a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to sue that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) "requires absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party

5

for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (quoting *Vance v. United States*, No. 98-5488, 1999 WL 455435, at *3 (6th Cir. June 25, 1999)). "In order to assess whether a party's omitted or late disclosure is 'substantially justified' or 'harmless,'" the Sixth Circuit weighs five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 747–48 (6th Cir. 2015) (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396–97 (4th Cir. 2014)).

The burden to prove the harmlessness of an omission or that the omission is substantially justified falls to the potentially sanctioned party. *Roberts*, 325 F.3d at 782.

Florence does not dispute that the witness list he filed pursuant to the Court's amended trial setting order includes twenty-seven witnesses—all but himself and Lorri McGowan—who had not previously been disclosed to the United States in accordance with Rule 26(a). The Court ordered Florence to address his failure to disclose these witnesses as required by Federal Rules of Civil Procedure 26 and 37. (Doc. No. 320.) In response, Florence filed a "justification for utilization of defense witnesses" that does not address the requirements of either rule or his legal burden to overcome Rule 37's mandated sanctions. (Doc. No. 323.)

Florence's most cogent argument is his counsel's professed "feeble understanding of the procedures that when the Court entered [the amended trial setting order], that set the timeframe [for filing exhibit and witness lists] and overrode other deadlines."[1] (*Id.* at PageID# 2775.) But

---

[1] Florence's counsel argued at the pretrial conference that they were not required to supplement the initial disclosure of his potential witnesses because they did not represent Florence

that argument is easily refuted by Rule 26's separate requirements that all persons likely to have discoverable information be disclosed at the outset of the litigation, Fed. R. Civ. P. 26(a)(1)(A)(i); that the parties supplement those disclosures as the factual universe of the case develops, Fed. R. Civ. P. 26(e)(1)(A); and that the parties identify "each witness . . . the party expects to present and those it may call if the need arises," Fed. R. Civ. P. 26(a)(3)(A)(i). And, as the Sixth Circuit has long recognized, "[t]o allow an ignorance of the law excuse would encourage and reward indifference to the law." *United States v. Baker*, 197 F.3d 211, 218 (6th Cir. 1999).

Moreover, the considerations identified by the Sixth Circuit in *Howe* weigh heavily against allowing the undisclosed witnesses to testify. *See Howe*, 801 F.3d at 748. The United States has been surprised by the disclosure, weeks before trial, of twenty-seven new witnesses. Florence does not argue that the United States had knowledge of these witnesses or that they were identified in discovery. *Cf. Smith v. Pfizer Inc.*, 265 F.R.D. 278, 283 (M.D. Tenn. 2010) (citing Fed. R. Civ. P. 26(e) advisory committee's note's provision that there is no duty to supplement under Rule 26

---

when those initial disclosures were made and that they were denied the opportunity to participate in discovery by the Court's scheduling orders. In the initial case management order entered on August 23, 2017, the parties agreed to exchange initial disclosures by September 15, 2017. (Doc. No. 149.) Florence's original counsel withdrew from representation on June 27, 2018 (Doc. No. 166), and his current counsel filed notices of appearance on July 3, 2018 (Doc. No. 168). In a case management order entered on August 3, 2018, the fact discovery period was extended to November 20, 2018 (Doc. No. 175). That deadline was further extended to January 22, 2019 (Doc. No. 182), again extended to June 28, 2019 (Doc. No. 213), and finally extended to July 5, 2019 (Doc. No. 224). The second and third extensions were requested by the United States to accommodate Florence's failure to produce requested patient files. (Doc. Nos. 181, 211.) Florence's counsel filed a motion to compel discovery on August 24, 2018 (Doc. No. 177), that was denied without prejudice to renewal after counsel complied with the Court's local rule requiring a good-faith attempt to resolve discovery issues independently before they are raised with the Court (Doc. No. 180). Florence did not renew that motion, but filed a second motion to compel on February 25, 2020 (Doc. No. 246). Although the Court found the second motion untimely, it addressed Florence's arguments in full and denied the motion on the merits (Doc. No. 270). Florence's counsel have not been denied any opportunity to participate in discovery by this Court's orders or by the Federal Rules of Civil Procedure.

if information "'has been otherwise made known to the parties in writing or during the discovery process'"). The late disclosure therefore has denied the United States any opportunity to investigate the witnesses through discovery, a circumstance that could only be cured by continuing the imminent trial date in an already protracted action. As the United States points out, it appears from Florence's witness list (Doc. No. 317) that the majority of these witnesses would be called to testify to Florence's character, which is likely to be found inadmissible under Federal Rule of Evidence 404 and significantly diminishes the evidence's importance. Florence's counsel's filing does not show that their failure to disclose these witnesses was substantially justified or overcome the resulting harm that allowing these witnesses would cause.

The purpose of the "automatic sanction [of exclusion]" is to "provide[] a strong inducement for disclosure of material that the disclosing party would expect to use as evidence . . . .' Fed. R. Civ. P. 37(c) advisory committee's note to 1993 amendment. "This sanction 'is certainly appropriate when the failure to abide by the requirements of Rule 26 is not substantially justified or harmless.'" *See Smith*, 265 F.R.D. at 284 (quoting *Campos v. MTD Prods.*, No. 2:07–CV–00029, 2009 WL 2252257, at \*9 (M.D.Tenn. July 24, 2009)). Rule 37(c) thus requires that Florence's undisclosed witnesses be excluded from testifying at trial. Fed. R. Civ. P. 37(c)(1).

Florence's counsel have not addressed his failure to exchange copies of all proposed exhibits and make the originals for examination by the United States at the pretrial conference, as the Court's amended trial setting order required them to do (Doc. No. 285). Florence did file an exhibit list in compliance with that order (Doc. No. 311). The United States has not objected to Florence's Exhibits 1, 2, 7, and 8.[2] The United States also does not object to the introduction of

---

2 These are (1) a "[p]rintout obtained from the Board of Osteopathic Examination off the State of Tennessee Department of Health website"; (2) "Tennessee Department of Health, Division of Health Licensure and Regulations, Division of Health Related Boards reflecting the licensure

any statutes or regulations as exhibits, which includes Florence's Exhibit 12 (Tennessee statutory Patient's Bill of Rights), Exhibit 22 (Tennessee Pain Relief Act), and Exhibit 24 (Tennessee Medical Practice Act). (*Id.*) Florence includes as Exhibit 6 "any exhibit listed [] in the Government's listing of exhibits" and as Exhibit 13 "any exhibit referenced in the listing of evidence of potential exhibits by either the U.S., the State of Tennessee or the Relator." (*Id.*) All of these exhibits may be offered at trial. Further, the admission of Exhibit 3 (deposition of Matthew Anderson taken January 13, 2016) and Exhibit 9 (the deposition of any witness called to testify by either the United states, the State of Tennessee or the Relator) will be addressed in the Court's review of the parties' deposition designations.

Counsel are ordered to meet and confer regarding the remaining exhibits—Exhibits 4, 5, 10, 11, 14, 15, 16, 17, 18, 19, 20, 21, 23, 25, and 16—proposed by Florence.[3] If counsel are able to reach agreement regarding the admissibility of any of these exhibits, they shall include that agreement in their joint notice to be filed with the production of their exhibit binders by noon on December 3, 2021 (Doc. No. 320).[4] The Court will not be inclined to allow the introduction of any of these exhibits at trial absent agreement of the parties or a showing of good cause by Florence.

The Clerk's Office is DIRECTED to terminate Docket Entry 323.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

---

status of [Florence]"; (7) the deposition of Special Agent Richard Haines; and (8) the deposition of Relator Debra D. Norris. (Doc. No. 311.)

[3]  Some exhibits related to patient medical records may be the subject of the Court's adverse inference jury instruction and will be treated accordingly.

[4]  The parties' joint notice should be filed in the Court's docket. The parties' exhibit binders should be provided to the Court by delivery to the Magistrate Judge's chambers.