UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DAVID G. FLORENCE, <br><br> Defendant. | Case No. 2:13-cv-00035 <br><br> Magistrate Judge Alistair E. Newbern |

## ORDER

In compliance with the Court's December 3, 2021 order (Doc. No. 338), Defendant Dr. David Florence has filed what the Court construes as a motion to offer two exhibits at the December 6, 2021 trial of this matter: the deposition of Matthew Anderson, a former defendant in this matter, taken in a state administrative proceeding, *Matter of Spine and Medical Associates of Roane County d/b/a Roane County Healthcare Professionals and David G. Florence*, TennCare Provider Appeal No. 09.15-131056J (Exhibit 3), and the entire record of that proceeding (Exhibit 4). (Doc. No. 339.) The United States has filed a response in opposition. (Doc. No. 340.) For the reasons that follow, Florence may not offer his proposed Exhibit 3 or Exhibit 4 at trial.

### I. Procedural History

This action was initiated as a *qui tam* proceeding by Relator Debra Norris, who filed a complaint on May 3, 2013, against thirty-six named defendants, including Matthew Anderson and David Florence (Doc. No. 1). Norris brought claims on her own behalf and on behalf of the United States and the State of Tennessee under the federal False Claims Act, 31 U.S.C. § 3729(a)(1)(A)–(C), the Tennessee Medicaid False Claims Act, Tenn. Code Ann. § 71-5-182(a)(1)(A)–(C), and Tennessee common law. (*Id.*) On March 24, 2016, the United States and State of Tennessee filed a complaint in intervention. (Doc. No. 47.) On August 3, 2016, the United States and Tennessee

filed an amended complaint in intervention against seven remaining defendants, including Anderson and Florence, which has served as the controlling pleading since that date.[1] (Doc. No. 77.)

In the amended complaint, the United States brought claims under the federal False Claims Act (Count I, Count II) and Controlled Substances Act, 21 U.S.C. § 842 (Count V), against all defendants. (*Id.*) The State of Tennessee brought claims under the Tennessee Medicaid False Claims Act against a group of six defendants that included Anderson but did not include Florence (Count VI). (*Id.*) The United States and Tennessee brought common law claims of payment by mistake of fact (Count III) and unjust enrichment (Count IV) against all defendants. (*Id.*) Between July 25, 2017, and February 16, 2018, the parties stipulated to the dismissal of all defendants except Florence. (Doc. Nos. 148, 160, 162.)

On August 3, 2018, the Court entered a case management order jointly proposed by the parties in which the State of Tennessee articulated its position that it "brought claims against Defendants in this case who have already entered into settlements and been dismissed as parties" and "did not bring a Tennessee Medicaid False Claims Act claim against Florence, such that Tennessee no longer has any pending claims in this case." (Doc. No. 175, PageID# 1816.) Florence's stated position was that, "[i]f the State of Tennessee is hereby telling the Court that it has no further claim against Florence under the facts alleged in the Complaint and it wishes to dismiss its suit, then its dismissal should be with prejudice." (*Id.* at PageID# 1818.) Florence also noted:

> In Initial Discovery the State of Tennessee and the U.S. Government listed a deposition of Dr. Florence and all records in the file in a related cause of action under the Tennessee Administrative Procedures Act. Defendant Florence also in Initial Disclosures reflected that the [sic] wanted to utilize those materials. Defendant Florence should be able to use them under either circumstance; however,

---

[1] Norris voluntarily dismissed her claims against the defendants not named in the complaint in intervention without prejudice. (Doc. No. 137.)

> it is the fear of counsel that the purpose of now at this stage deleting the State as a party will be used to bar Dr. Florence from relying upon information taken in that State proceeding.

(*Id.*)[2]

On August 24, 2018, Florence filed a motion to compel discovery responses from the United States and the State of Tennessee that addressed the records from the related state administrative proceeding. (Doc. No. 177.) In the motion, Florence's counsel stated:

> As to the State of Tennessee, on the morning of Monday, August 20, 2018[, Assistant Attorney General] Mr. Bangle called my office and advised that the State of Tennessee chose not to participate in the [d]iscovery process. In response, I advised him that the State is a party in the litigation, and we were entitled to obtain the [d]iscovery from them and that we were anticipating responses. Mr. Bangle went on to indicate that, well, the State didn't have to answer any questions, because they didn't sue Dr. Florence, but what I should do if I wanted some [d]iscovery from the State is to subpoena somebody from the Bureau of TennCare and submit questions to them and that if I wanted to do that he would cooperate in getting the information. He basically went on to tell me, well, you know, the State did not sue Florence and he was trying to help us and if that wasn't acceptable, he would just file his response and we could address it with the Court. Later that same day, August 20th, we received by email from Honorable Philip Bangle an [o]bjection to the [d]iscovery contending that they did not intervene in the suit against Dr. Florence and further stating that if we wanted anything from the State we should give a third party subpoena to the Tennessee Bureau of TennCare.

(*Id.* at PageID# 1829.)[3]

The Court denied Florence's motion to compel without prejudice to refiling upon demonstration that the parties had complied with this Court's Local Rule 37.01, which requires, first, a good-faith attempt at resolution among the parties and, second, that the parties file a joint

---

[2] Florence repeated this position in a subsequent case management order entered on March 13, 2019. (Doc. No. 210.)

[3] Discovery responses from the United States attached to Florence's motion show that, in answering a request for production of all non-privileged documents identified in its initial disclosures, the United States responded: "The United States will not produce Florence's deposition to him, since he presumably has a copy or can purchase his own copy. Further, the United States understands that Florence's counsel should already have documents from the ancillary state proceeding against Florence, since his current counsel represented him in that matter." (Doc. No. 177-2, PageID# 1845.)

3

statement detailing their resolution attempt, the exact discovery in dispute, and the parties' positions, before requesting a telephone conference with the Magistrate Judge (Doc. No. 180). *See* M.D. Tenn. Rule 37.01 (discovery motions). Florence did not renew the motion to compel.

On November 12, 2021—more than three years later and less than a month before the scheduled trial of this action—Florence's counsel executed a subpoena to the custodian of records of the Tennessee Secretary of State Administrative Procedures Division for "[t]he entire [a]dministrative record in the case of Spine and Medical Associates of Roane County, Dr. David Florence, et al. and Bureau of TennCare, Docket No. 09.15-131056J." (Doc. No. 339-1, PageID# 2936.) By a letter attached to the subpoena, Florence's counsel asked the custodian to provide copies of the requested records to counsel for the United States, State of Tennessee, and Relator, and to file a copy with this Court. (*Id.*)

The Court recounts this history because Florence now asks to introduce as his proposed trial Exhibit 3 "[t]he deposition of Matthew Anderson taken January 13, 2016[,] in the State proceeding of *In the matter of Spine and Medical Associates of Roane County d/b/a Roane County Healthcare Professionals and David G. Florence (TennCare provider appeal No. 09.15-131056J)* . . ." and, as proposed trial Exhibit 4, "[t]he entire record of the proceeding in the case before the Administrative Procedures Division involving Dr. Florence and the State of Tennessee under the Administrative Procedures Divisions [sic] of the State of Tennessee which was pending at the time that the above referenced deposition was taken." (Doc. No. 311, PageID# 2631–32.)

After the November 19, 2021 pretrial conference, the Court ordered Florence to address his failure to produce the exhibits identified in his filed exhibit list (Doc. No. 311) for inspection at the pretrial conference, as the Court's amended trial setting order (Doc. No. 285) required. Based on Florence's failure to produce the exhibits for inspection at the pretrial conference, among other issues, the Court ordered Florence to show cause why his exhibits should be allowed at trial. (Doc. No. 320.) Florence did not address the admission of his proposed exhibits in his response to the

4

Court's order. (Doc. No. 323.) Despite this failure, the Court found that Florence could introduce his proposed Exhibits 1, 2, 6, 7, 8, 12, 13, 22, and 24. (Doc. No. 327.) The Court further found that "the admission of Exhibit 3 (deposition of Matthew Anderson taken January 13, 2016) . . . will be addressed in the Court's review of the parties' deposition designations" and ordered counsel to meet and confer to attempt to reach agreement about Florence's remaining exhibits, including Exhibit 4. (*Id.* at PageID# 2819.) Counsel were ordered to provide binders of their trial exhibits to the Court by December 3, 2021, and to include a statement of any agreements reached with the binders. (Doc.. No. 327.)

On December 2, 2021, Florence provided the Court with a trial exhibit binder containing his proposed Exhibits 1, 2, 3, and 4, but did not include any statement that the parties had agreed to the introduction of Exhibits 3 and 4. Florence also did not include Anderson's deposition in the proposed deposition designations that he exchanged with the United States and filed with the Court. (Doc. No. 330.)

The Court convened counsel for a telephone conference on December 3, 2021, to address several outstanding issues, including Florence's exhibits. When asked if the parties had reached agreement regarding Exhibits 3 and 4, counsel for the United States informed the Court that no agreement had been reached and that, in an earlier meeting of counsel regarding stipulations, counsel for the United States had objected to those exhibits. Florence's counsel stated that he understood the Court to have ruled in the November 19, 2021 pretrial conference that these exhibits could be introduced.

The Court ordered Florence's counsel to file "any argument in support of the admission" of Exhibits 3 and 4 and provided the United States an opportunity to respond. (Doc. No. 338.) In response to the Court's order, Florence filed a memorandum arguing that Anderson's deposition is admissible under Federal Rule of Civil Procedure 32(a)(4) because Florence believes Anderson is currently out of the country and unable to testify at trial, and under Rule 32(a)(4)(E) because

5

Anderson "attempt[ed] to defraud the government and used other doctors as pawns in his scheme." (Doc. No. 339, PageID# 2929.) Florence further argues that Exhibit 3 should be admitted under Rule 32(a)(8) because Anderson and the State were both parties to the state proceedings in which the deposition was taken, they are both former parties to this action, and because the state proceedings involved "the ownership and management and practices of . . . Anderson owned clinics." (*Id.* at PageID# 2930.) Florence also asserts that Exhibit 4 should be admitted because he issued a subpoena for the administrative proceeding record on November 12, 2021, that the State of Tennessee "actually had full access to this record and deposition the entire time[,]" and that the United States improperly "sought to . . . limit or eliminate the State of Tennessee's involvement" in this case to prevent admission of this evidence. (*Id.* at PageID# 2929–30.)

With regard to Exhibit 3, the United States responds that Anderson's deposition is inadmissible hearsay under Federal Rule of Evidence 802 and that Florence has not argued that it is subject to any exception provided in Rule 803. (Doc. No. 340.) Further, the United States asserts that "Anderson's deposition may not be introduced into evidence pursuant to Federal Rule of Civil Procedure 32, because the United States was not a party to the proceeding in question, Anderson was dismissed as a party to this matter over three years ago in February 2018 . . . , and there has been no showing that Anderson is 'unavailable' within the meaning of the [sic] Federal Rule of Civil Procedure 32(a)(4) or Federal Rule of Evidence 804(a)." (*Id.* at PageID# 2939.) Finally, the United States argues that admission of the exhibit would be "in clear contravention of this Court's prior pretrial orders regarding the disclosure of exhibits and designation of deposition testimony." (*Id.* at PageID# 2939.)

Regarding Exhibit 4, the United States asserts that the record of proceedings was not produced in discovery or disclosed in accordance with the Court's prior orders. (Doc. No. 340.) The United States also argues that these documents contain inadmissible hearsay. (*Id.*) Finally, the United States argues that the documents are not relevant to any issue in this proceeding and their

6

admission "risks creating a sideshow about the prior proceeding that would result in jury confusion and waste time." (*Id.* at PageID# 2939.)

**II.      Analysis**

      **A.      Anderson's Deposition (Exhibit 3)**

Federal Rule of Civil Procedure 32 addresses the use of depositions in court proceedings and provides generally that depositions may be used against a party if "the party was present or represented at the taking of the deposition or had reasonable notice of it," the use would be admissible for a testifying witness under the Federal Rules of Evidence, and the use meets one of seven articulated purposes. Fed. R. Civ. P. 32(a). Rule 32(a)(4) provides for the use of a witness's deposition for any purpose if the witness is unavailable due to several listed factors. Fed. R. Civ. P. 32(a)(4)(A)–(E). Rule 32(a)(8) provides that a deposition taken in an earlier action "may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action" or as allowed by the Federal Rules of Evidence. Fed. R. Civ. P. 32(a)(8).

Florence argues, first, that Anderson's deposition is admissible under Rule 32(a)(4) because "[t]he last knowledge we had of any whereabouts of Dr. Matt Anderson was that he was out of country." (Doc. No. 339, PageID# 2929.) A witness is considered unavailable for purposes of Rule 32(a)(4) where "the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition" or if "the party offering the deposition could not procure the witness's attendance by subpoena." Fed. R. Civ. P. 32(a)(4)(B), (D). But Florence's unsupported assertion is not sufficient to invoke either provision. The burden to show a witness's unavailability falls to the party seeking to introduce the deposition, and a party does "not satisfy his burden by stating merely that he d[oes] not know where [the witness] [i]s." *Jauch v. Corley*, 830 F.2d 47, 50 (5th Cir. 1987) (addressing earlier Rule 32(a)(3)). "Implicit in this provision is an obligation on the part

7

of the proponent to first exercise 'reasonable diligence' to procure the witness's attendance by subpoena." *Williams v. Johnson*, 278 F.R.D. 1, 5 (D.D.C. 2011). Florence offers no proof or argument that he made any efforts to procure Anderson's attendance at trial. The Court has no way to know the source of his single cursory statement of Anderson's whereabouts or when Florence got that information. Florence has not demonstrated admissibility under Rule 32(a)(4)(B) or (D). *See Williams*, 278 F.R.D. at 6 (finding "informal" and "belated" attempts to locate a witness "insufficient to discharge the [proponent's] burden").

Florence next invokes Rule 32(a)(4)(E), which allows for introduction of the testimony of an unavailable witness "on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used." Fed. R. Civ. P. 32(a)(4)(E). Florence argues that such exceptional circumstances exist because "it is known that Matthew Anderson in fact was attempting to defraud the government and used other doctors as pawns in his scheme." (Doc. No. 339, PageID# 2929.) But "the circumstances of a witness's absence are exceptional when akin to the witness being 'unavailable or unable to testify because he is dead; at a great distance; aged, ill, infirm, or imprisoned; or unprocurable through a subpoena.'" *McDowell v. Blankenship*, 759 F.3d 847, 851 (8th Cir. 2014) (quoting *Allgeier v. United States*, 909 F.2d 869, 876 (6th Cir. 1990)). Thus, "the 'exceptional circumstances' must be a reason the deponent cannot appear, not merely serious prejudice that would result if the court did not admit the deposition testimony." *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 963–64 (10th Cir. 1993) (citing *Allgeier*, 909 F.2d at 876)). Again, Florence has made no such showing.

Florence's last argument is that the deposition is admissible under Rule 32(a)(8), which allows that a deposition taken in an earlier action "may be used in a later action involving the same subject matter between the same parties or their representatives or successors in interest to the same extent as if taken in the later action." Fed. R. Civ. P. 32(a)(8). Florence asserts that

8

Rule 32(a)(8) applies here because the State of Tennessee was a party to the administrative action against him. (Doc. No. 339.) Florence argues that the fact that Tennessee is no longer a party to this action should not prevent him from being able to use Anderson's deposition under this provision. (*Id.*) The premise of Florence's argument assumes that he would have been able to use Anderson's deposition at trial under Rule 32(a)(8) had Tennessee remained in the action. But that argument ignores the fact that, despite Tennessee's role in both actions, the United States was not a party to the state administrative proceeding and did not participate in Anderson's deposition. Florence has made no argument as to how his use of the deposition against the United States would be permitted under Rule 32(a)(8)—with or without Tennessee in the case. His argument under this provision must fail as well.

Finally, as the United States points out, the proper procedure for admission of deposition testimony at trial is to read relevant portions of the transcript into evidence, not to offer the entire deposition as an exhibit. *See* M.D. Tenn. Rule 39.01(c)(4). Further, Local Rule 39.01(c)(4) requires that, "[i]n jury cases, when a deposition is to be used at trial as the basic testimony of a witness, all counsel offering the deposition must, at least fourteen (14) days prior to the trial date . . . advise opposing counsel of those portions of the deposition to be read from a transcript . . . to the jury." *Id.* Florence did not include any portion of Anderson's deposition in the designations he provided to the United States (Doc. No. 330), even after having been instructed by the Court that it would address the deposition's admissibility in the context of ruling on the parties' designations (Doc. No. 327). Anderson's deposition must be excluded for these procedural reasons as well.

### B.  Administrative Proceeding Record (Exhibit 4)

Florence makes no argument as to why the entire record of the state administrative proceeding should be admitted as evidence in this case, other than to assert that, "[w]hether or not this Department of the State appropriately complied with [Florence's] subpoena request should not be allowed to prejudice [Florence] in any way in this matter as appropriate steps were taken to

9

procure this evidence and supply it to all parties." (Doc. No. 339, PageID# 2928.) Whether the state administrative office performed Florence's counsel's job of ensuring that opposing counsel and the Court received copies of the exhibit is of little consequence to the Court's analysis. Of much greater concern is the fact that Florence has not addressed why the entire record of a state administrative proceeding would be relevant to this case under Federal Rule of Evidence 401 or how he would overcome what the Court anticipates would be significant hearsay problems with large parts of it. Nor has Florence addressed how offering the entire record of a different case would not unduly confuse the jury in its task of reaching a fair verdict in this one.

Finally, although it is clear that—as Florence asserts—the parties have been discussing the record in the administrative proceeding since at least 2018, Florence did not subpoena the record until November 12, 2021, the date on which he included it as a proposed exhibit on his filed exhibit list. (Doc. No. 311.) Florence could have addressed the relevance of this record by renewing the motion to compel that he abandoned in 2018. He could have addressed its admissibility through a motion in limine. The Court ordered him to address the admissibility of all of his proposed exhibits after the pretrial conference (Doc. No. 320), but Florence did not address the state record or any other exhibits in that briefing (Doc. No. 323). Instead, his counsel profess shock that there are problems with the record's admissibility when the question was finally called by the Court.

Florence's counsel have expressed their dissatisfaction with "the procedure and form utilized in Federal Court" and have urged the Court to "let this case be heard on the merits and not put form over substance." (Doc. No. 323, PageID# 2774, 2781.) But the discovery provisions of the Federal Rules of Civil Procedure and this Court's Local Rules and procedures "are aimed at a common goal—providing the parties with enough information so that they may prepare fully for trial." 6A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1528 (3d ed. updated Apr. 2021). It is these rules that "put an end to the 'sporting theory of justice,' by which the result depends on the fortuitous availability of evidence or the skill and strategy of counsel[,]"

10

and ensure that a case's merits are fully and fairly developed and heard. 8 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2001 (3d ed. updated Apr. 2021) (citation omitted). Florence's counsel have raised what they claim to be the most important issues of their case at the very last minute and filed a flurry of motions regarding their proof on the literal eve of trial. (Doc. Nos. 334, 335, 337.) Following the rules throughout this case could have kept them from this predicament. Their failure to do so has led to what is—because of those rules—a predictable unfavorable result.

**III.     Conclusion**

For the foregoing reasons, Florence's proposed Exhibits 3 and 4 will not be admitted at trial.[4]

It is so ORDERED.

*[signature]*
ALISTAIR E. NEWBERN
United States Magistrate Judge

---

[4] Florence has also "request[ed] that the Court attach the hard copies of the Technical Record marked as Defendant's Exhibit 4 and . . .the deposition of Matthew Anderson marked Defendant's Exhibit 3" to his filing arguing for the admission of these exhibits. (Doc. No. 339.) This request will be granted and will be addressed by separate order.