IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, ) <br> *ex rel.* DEBRA NORRIS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DAVID FLORENCE, ) <br> ) <br> Defendant. ) | Civil Action No.: 2:13-cv-00035 <br><br> MAGISTRATE JUDGE NEWBERN |

**<u>UNITED STATES' RESPONSE TO FLORENCE'S HEALTH NOTICE TO THE COURT</u>**

This Court ordered Florence's counsel to "file a statement from Florence's treating cardiologist or his or her designee that includes the doctor's best estimate of Florence's recovery period, including the date by which the doctor anticipates that Florence will be able to return to work." ECF No. 363. In response to that order, Florence's counsel informed the Court that he had forwarded the order to Florence's daughter (not Florence himself) and that the daughter had not seen Florence's doctor. ECF No. 367. The unnamed daughter's son then obtained a note on a prescription pad from a nurse practitioner in the cardiology practice dated December 20, 2021 that said "Out of work 8 weeks." *Id*. & ECF No. 367-1. Florence's counsel further wrote that the daughter's son had been told by the nurse practitioner that "when [the cardiologist] sees him for follow-up, [the 8-week period] will probably be extended." ECF No. 367 at PageID# 3118. Florence's counsel recognized that "this is not what the court was wanting." *Id*. Florence's notice finally stated that returning to work "is not the pressure stessor [sic] that going to court is." ECF No. 367 at PageID# 3119.

The United States files this response to point out several failures with Florence's notice. First, it appears that Florence's counsel never shared the Court's order with Florence himself. If they had done so, it is certainly possible and perhaps likely that Florence's treating cardiologist would have supplied his best estimate of Florence's return to work date to Florence. This is particularly true given that, in the Government's experience, treating physicians make daily rounds in hospitals to see their hospitalized patients. By only giving the order to Florence's daughter, defense counsel increased the odds that the daughter would not be present when the cardiologist came by for rounds, which necessarily happened. There also is nothing to suggest that the treating cardiologist was aware of this Court's Order or that he designated his nurse practitioner to respond to it. Second, nothing in Florence's notice suggests that it would have been impossible to have shared the order with Florence himself. Florence's counsel did not indicate that Florence was unconscious or even still hospitalized. Third, if the Court accepts the nurse practitioner's note as valid, this indicates that Florence would be able to return to work on February 15, 2022, which is eight weeks from the day the note was written. The United States already has notified the Court that the Government is available for trial that week. The United States further informs the Court that the United States could be available during the February 22, 2022 week as well. Fourth, the Court should disregard the unsupported statement of Florence's daughter's son that the doctor will extend the return-to-work date again. That is not written on the prescription note filed with the Court. Finally, the Court also should disregard Florence's attempt to argue that the return-to-work date should not guide the date for when trial is reset. If Florence is capable of working, then he is capable of attending the long-delayed trial of this case.

Respectfully submitted,

MARK H. WILDASIN
Acting United States Attorney
Middle District of Tennessee

By:   s/ Ellen Bowden McIntyre
ELLEN BOWDEN MCINTYRE (BPR #023133)
WYNN M. SHUFORD
Assistant United States Attorneys
United States Attorney's Office
110 Ninth Avenue South, Suite A-961
Nashville, TN 37203-3870
Telephone: (615) 736-5151
Email: Ellen.Bowden2@usdoj.gov
Email: Wynn.Shuford@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing is being served electronically, via email, on December 23, 2021, to the following:

| | |
|---|---|
| Robert A. Peal<br>Sims Funk, PLC<br>3322 West End Avenue, Suite 200<br>Nashville, TN 37203<br>Email: rpeal@simsfunk.com | Philip H. Bangle<br>Herbert H. Slatery, III<br>Attorney General & Reporter<br>Assistant Attorney General<br>Medicaid Fraud & Integrity Division<br>Tennessee Attorney General's Office<br>425 Fifth Avenue North<br>Nashville, TN 37243<br>Email: Philip.Bangle@ag.tn.gov |
| Robert L. Huskey<br>Jason L. Huskey<br>The Huskey Firm<br>514 Hillsboro Blvd.<br>Manchester, TN 37355<br>Email: thehuskeyfirm@att.net | William J. Harbison , II<br>Neal & Harwell, PLC<br>1201 Demonbreun Street<br>Suite 1000<br>Nashville, TN 37203<br>Email: jharbison@nealharwell.com |

    s/ Ellen Bowden McIntyre
ELLEN BOWDEN MCINTYRE
Assistant United States Attorney