UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>　　Plaintiff,<br><br>v.<br><br>DAVID G. FLORENCE,<br><br>　　Defendant. | Case No. 2:13-cv-00035<br><br>Magistrate Judge Alistair E. Newbern |

## ORDER

The United States has filed a motion under Federal Rules of Civil Procedure 43(a) to allow its witness Melissa Cockrell to testify by contemporaneous videoconferencing transmission at the upcoming trial of this matter. (Doc. No. 379.) The motion is not opposed by any other party.

Rule 43(a) provides that, although testimony generally must be taken in open court with the witness present, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). Here, the United States cites as good cause Cockrell's assignment as a nurse on an oil rig in the Northern Arctic Sea, where she is the only medical professional. (Doc. No. 379.) Despite her remote location, the United States confirms that Cockrell has internet access and access to a private room from which to testify. (*Id.*)

The United States' motion is GRANTED. No later than 14 days before the trial date, the United States shall contact the Court's I.T. department and coordinate the logistics of Cockrell's testimony. The United States shall ensure that the safeguards articulated in *Gomez v. Metropolitan Government of Nashville and Davidson County, Tennessee*, are met and shall confirm that fact to the Court and other counsel by filing a notice no later than three days before trial. No. 3:19-CV-

00026, 2021 WL 3406687, at *5 (M.D. Tenn. Aug. 4, 2021) (requiring the party offering video testimony to provide safeguards including "(1) assurance that the witness can be heard and understood by the jury and the parties; (2) 'that the witness testify alone, in a closed room, free of any outside influence on their testimonies'; (3) that Defendant 'mark all documentary evidence they intend to provide to the witness prior to trial'; (4) that Plaintiff 'be allowed a sufficient opportunity to cross-examine' the witness; and (5) that Plaintiff be able to question them via instantaneous transmission.").

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge